

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## PARIS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:01-CR-10(1)** |
| | § | |
| | § | |
| **CURTIS DEMOND KEITH** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United States

alleges that Defendant, Curtis Demond Keith, violated conditions of supervised release imposed

by United States District Judge Richard A. Schell of the Eastern District of Texas.   The

Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting

the revocation of Defendant's supervised release.  The Court conducted a hearing on April 28, 2005,

in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  Defendant was present

and represented by counsel at the hearing.  Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On June 12, 2002, The Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession of with intent to distribute marijuana, a Class D felony.  Judge Schell sentenced Defendant to eighteen (18) months imprisonment to be followed by a three (3) year term of supervised release.  The imposed term of supervision was subject to the standard conditions of release plus special conditions to include drug aftercare; financial disclosure; no new credit; a $1,500.00 fine and a $100 special assessment.  On April 23, 2003, Mr. Keith completed his period of imprisonment and

began service of the supervision term.

### B.  Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

> *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Specifically, the defendant failed to report as directed to the United States Probation Office in Houston, Texas, for the months of October 2004, November 2004, December 2004, and January 2005.

### C.  Evidence presented at Hearing:

At the hearing, the government proffered the following evidence as its factual basis for the allegations set out *supra*.  The government would present the sworn testimony of Mike Lucas, a United State Probation Officer for the Southern District of Texas, Houston Division.  He would testify that upon the defendant's release from prison, he advised Mr. Keith that he would have to submit reports to the United States Probation Office in Houston, Texas, within the first five days of each month during his term of supervision.  Mr. Lucas would further testify that  Mr. Keith failed to report to the probation office as directed for the months of October 2004, November 2004, December 20004, and January 2005.  According to the probation officer, Mr. Keith did not offer a valid reason or excuse for failing to report as directed.

Defendant, Curtis Demond Keith, did not object to the evidence and offered a plea of true to the allegations.  Specifically, Mr. Keith pled true to the allegation that he failed to submit reports to the United States Probation Office as directed.

**D.  Sentencing Guidelines and Findings**

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by failing submit monthly reports to the United States Probation Office as directed.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke Defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Mr. Keith's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

**E. Consent and Waiver**

Defendant was admonished of his rights pursuant to Federal Rules of Criminal Procedure 11 and 32(I)(4).  Defendant voluntarily, freely and knowingly:

(1)  consented to revocation of his supervisory release;

(2)  consented to the sentence recommended by the Magistrate Judge;

(3)  waived his right to be present and speak, and his right to have counsel present and speak, before the District Judge imposes the recommended sentence; and

(4)  consented to allocution before the undersigned United States Magistrate.

## RECOMMENDATION AND FINDINGS OF THE MAGISTRATE

The Court factually finds by a preponderance of the evidence presented that Defendant

Curtis Demond Keith violated terms of his supervision by failing to submit monthly reports to the United States Probation Office as directed, a Grade C violation. *See* U.S.S.G. § 7B1.1(a). The federal sentencing guidelines are advisory in nature, but the Court may consider them, along with the facts of the proceeding, in reaching its decision on the appropriate sentence for Defendant's revocation.

Therefore, based upon the factors and evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true of Defendant and revoke Defendant's supervised release. Accordingly, the undersigned magistrate further recommends that the District Court order Defendant to serve a term of six (6) months imprisonment, with no further supervision, and with credit for time spent in federal custody on this proceeding. Mr. Keith also requested that he serve his term of imprisonment in the Federal Bureau of Prisons camp in the Beaumont, Texas, Correctional Complex. The Court notes this for the record but admonishes Mr. Keith that the undersigned cannot guarantee that such a request will be met.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United*

*Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).   The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 29th day of April, 2005.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE